## Stephens et al. v. Commonwealth.

October 15, 1946.

C. B. Upton for appellant.

Eldon S. Dummit, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

Appellants, Estil Stephens and Cornelius Vanover, were convicted of possessing an apparatus designed for the unlawful manufacture of alcoholic beverages, a crime denounced by KRS 244.170, and each was fined $100. They have filed a motion for an appeal in this court. Their principal complaint is directed to the refusal of the trial court to sustain their motion for a directed verdict of acquittal.

Several officers found a moonshine still on Blair creek in McCreary county and arrested Alfred Daugher-

ty and Hollis King, who appeared on the scene shortly after the officers arrived. Daugherty admitted that he was the owner and operator of the still. Believing that others were interested in the venture, the officers concealed themselves near by and about two hours later Stephens and Vanover were seen walking along a path leading in the direction of the still. Stephens carried a sack containing several empty jars or jugs. Daugherty testified that he was the sole owner of the still. The mere fact that Stephens and Vanover were seen in the vicinity with a sack of jars or jugs was not sufficient to take the case to the jury on the question of possession of a moonshine still. The most it indicates is that they might have been prospective customers of Daugherty. There was no other evidence tending to connect them with possession of the still, and the defendants' motion for a directed verdict should have been sustained.

Complaint is also made of the admission of certain evidence over the defendants' objections. The Commonwealth introduced several witnesses who testified that the reputation of each of the defendants for selling intoxicating liquors was bad. KRS 242.390, which is part of the Local Option Law, provides:

"In any action for violation of this chapter, the general reputation of the defendant for bootlegging or being engaged in selling, or trading in, alcoholic beverages, or keeping or transporting them for sale, shall be admissible in evidence against him."

Appellants were indicted under KRS 244.170, which is part of the Alcoholic Beverage Control Act, and there is no provision in that Act for admitting in evidence the general reputation of the defendant for possessing any apparatus designed for the unlawful manufacture of alcoholic beverages or being engaged in the illicit trade in intoxicating liquors. Such a provision was contained in the Alcoholic Control Act adopted at the 1934 session of the General Assembly, Acts of 1934, Chapter 146, Article VII, section 7, Carroll's Kentucky Statutes, 1936 Edition, section 2554b-71, but that section of the Act was repealed by section 122 of Chapter 2 of the Acts of 1938. The admission of the evidence in question was prejudicially erroneous, and if another trial is had it will be excluded.

The motion for an appeal is sustained, the appeal granted, and the judgment reversed, with directions to grant appellants a new trial.